IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH DEMENT,

        Petitioner,

v.                                                    Case No. 2:20-cv-00388

STATE OF WEST VIRGINIA,

        Respondent.

MEMORANDUM OPINION AND ORDER

On June 4, 2020, Petitioner, who is incarcerated at the Mount Olive Correctional Complex ("MOCC"), filed a Petition for a Writ of Mandamus (ECF No. 1) requesting that this court issue a writ of mandamus requiring the Supreme Court of Appeals of West Virginia ("the SCAWV") to rule on a mandamus petition and other motions filed by Petitioner in that court.

By Standing Order, this matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  However, for reasons appearing to the court, it is hereby **ORDERED** that the referral to the magistrate judge is **WITHDRAWN**.  It is further **ORDERED** that Petitioner's Petition for a Writ of Mandamus is **DENIED**, with no need for service of process on Respondent, and this civil action is **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3).

## I. Standard of Review

The court is obliged to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the petitioner. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## II. Discussion

Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis added.]

28 U.S.C. § 1361. A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central S.C. Chapter, Soc'y of Prof'l Journalists, Sigma Delta Chi v. United States Dist. Ct. for the Dist. of S.C.*, 551 F.2d 559, 562 (4th Cir. 1977).

A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner. Accordingly, there is no jurisdiction for this United States

District Court to issue a writ of mandamus directed to the State of West Virginia, the SCAWV, or the members of that court. Accordingly, it is hereby **ORDERED** that Petitioner's Petition for a Writ of Mandamus is **DENIED** and this civil action is **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to Petitioner.

ENTER: September 11, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE